NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 20-16565 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01315-TLN-EFB |
| v. | |
| SCOTT KERNAN; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

California state prisoner Joshua Davis Bland appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 and Religious Land Use and

Institutionalized Persons Act ("RLUIPA") action alleging religious discrimination.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint as frivolous. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2014). We affirm.

Dismissal of Bland's First Amendment and RLUIPA claims was proper because Bland failed to allege facts sufficient to show that the policy of the California Department of Corrections and Rehabilitation prohibiting incarcerated persons from possessing pornographic materials bore no reasonable relationship to the legitimate penological interest of prison security, or that the policy substantially burdened his religious practice. *See Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (setting forth elements of a § 1983 free exercise claim); *Walker v. Beard*, 789 F.3d 1125, 1137-38 (9th Cir. 2015) (setting forth elements of a RLUIPA claim); *Mauro v. Arpaio*, 188 F.3d 1054, 1059-60 (9th Cir. 1999) (explaining that prison's ban on sexually explicit material did not violate the First Amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-16565

Bland's motion for exigent adjudication (Docket Entry No. 10) is denied as moot.

**AFFIRMED.**